# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERRANCE MIGUEL PETERSON,
    Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
    Agency.

DOCKET NUMBER
PH-752S-14-0445-I-1

DATE: August 11, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Terrance Miguel Peterson</u>, Newark, Delaware, pro se.

<u>Marcus S. Graham</u>, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction due to his failure to exhaust his administrative remedies before the Office of Special Counsel (OSC). Generally, we grant petitions such as this one only when: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, VACATE the initial decision, and DISMISS the appeal in the interest of judicial efficiency.

¶2      The appellant works as a Health Technician at the agency's Wilmington, Delaware Medical Center. Initial Appeal File (IAF), Tab 7, Subtab 4H at 1. The agency suspended the appellant for 10 days in December 2013 based on a charge of conduct unbecoming of a federal employee. The appellant initiated a Board appeal, alleging that the suspension was in retaliation for prior whistleblowing activity. IAF, Tab 1 at 4, 6. The administrative judge issued an acknowledgment order, in which he ordered the appellant to submit evidence and argument in support of Board jurisdiction. IAF, Tab 2 at 2. The appellant responded to the administrative judge's order. IAF, Tab 4.

¶3      The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1. He found that the appellant had not exhausted his administrative remedies with OSC regarding the suspension. ID at 4. Specifically, the OSC complaint and closeout letter that the appellant included in his appeal predated his 10-day suspension. ID at 4. The appellant has filed a timely petition for review and included a new OSC close out letter dated the day after the administrative judge issued his initial decision.

Petition for Review (PFR) File, Tab 1 at 7-8. The agency has not responded to the petition for review.

On review, the appellant has submitted evidence that he properly exhausted his administrative remedies with OSC.

¶4 The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC, and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Kukoyi v. Department of Veterans Affairs*, 111 M.S.P.R. 404, ¶ 10 (2009). If the appellant satisfies each of these jurisdictional requirements, he has the right to a hearing on the merits of his claim. *Id.*

¶5 The administrative judge should have apprised the appellant of the means by which he may show that he has satisfied the exhaustion requirement. *See id.*, ¶ 14. Here, the administrative judge provided no notice of how the appellant could meet the jurisdictional requirements for an IRA appeal; the administrative judge issued only an acknowledgment order that directed the appellant to file evidence and argument that the Board had jurisdiction over the appeal. IAF, Tab 2 at 2. When the Board's jurisdiction is in doubt, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Alvarez v. Department of Homeland Security*, 112 M.S.P.R. 434, ¶ 9 (2009) (citing *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985)). The administrative judge's error was not cured by the agency's sole pleading. IAF, Tab 7; *see Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶¶ 9, 12 (2009) (finding an agency's pleadings sufficient to meet the notice requirement). Thus, the administrative judge failed to provide the appellant with adequate notice of the requirements to establish Board jurisdiction over an IRA appeal, including the exhaustion requirement.

¶6 On review, the appellant has provided new evidence, OSC's final decision letter, which may be sufficient to satisfy his burden to make a nonfrivolous allegation that he exhausted his remedies before OSC, provided he can establish that the suspension, which was the subject of his OSC complaint, is the same 10-day suspension on which he filed his IRA appeal. PFR File, Tab 1 at 6-8; *cf. Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154 ¶ 12 (2014) (to satisfy the exhaustion requirement, an appellant must inform OSC of the precise ground of his charge of whistleblowing, giving OSC sufficient basis to pursue an investigation that might lead to corrective action). We find OSC's final decision letter to be new and material evidence under 5 C.F.R. § 1201.115(d). OSC's closeout letter is dated March 25, 2014, the day after the administrative judge issued his initial decision dismissing the appeal. PFR File, Tab 1 at 6; ID at 1. The letter notes that the appellant asserted that he made protected disclosures that were a contributing factor in the agency's decision to suspend him. PFR File, Tab 1 at 7. Even if the evidence were not new and material, the Board accepts the evidence on review due to the failure to provide proper notice below. *See Boughton v. Department of Agriculture*, 94 M.S.P.R. 347, ¶ 6 (2003). Therefore, we vacate the portion of the initial decision that dismissed the appeal for failure to exhaust.

Even though the appellant may have exhausted his administrative remedies with OSC, we dismiss the appeal in the interest of judicial efficiency because the appellant has another docketed appeal challenging the same action.

¶7 Having found evidence that the appellant exhausted his OSC remedies, we would ordinarily remand this appeal for a determination on jurisdiction, and, if appropriate, a hearing on the merits. *See Kukoyi*, 111 M.S.P.R. 404, ¶ 19. However, we find remand unnecessary in this appeal. Courts have the inherent authority, in the interest of judicial efficiency, to dismiss an action because of the pendency of another action, so long as an identity of issues exists and the controlling issues in the dismissed action will be determined in the other lawsuit.

*Kinler v. General Services Administration*, [44 M.S.P.R. 262](#), 263 (1990). In most cases of judicial efficiency, we would dismiss the subsequent appeal and the prior appeal would be adjudicated. *Id*.; *O'Leary v. Office of Personnel Management*, [90 M.S.P.R. 124](#), ¶ 7 (2001). However, in this appeal, we are dismissing the prior appeal for the processing of the subsequent appeal which is pending before with the Northeast Regional Office. *See Peterson v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-14-0618-W-1. The subsequent appeal was properly docketed as an IRA appeal, while the present appeal was not. The appellant in the subsequent appeal has also challenged the 10-day suspension and alleges the agency took the action partly in response to his protected disclosures. MSPB Docket No. PH-1221-14-0618-W-1, Initial Appeal File, Tab 1 at 3, 5. The appellant has included the same OSC documentation that he also submitted with his petition for review in the pending appeal. *Id.* at 11-13. We find that the two appeals share an identity of issues. We also find that the controlling issue of the present appeal, whether the appellant has made a nonfrivolous allegation of jurisdiction for an IRA appeal, also will be determined in the other pending appeal. Because the pending subsequent appeal addresses the same issue presently before us, we deny the appellant's petition for review and dismiss the appeal in the interest of judicial efficiency.[2]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

This Final Order constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](#). You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

---

[2] The subsequent appeal has been joined with an additional appeal involving the parties. *See Peterson v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-14-0706-I-1.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.